UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEIL WATTS, | CASE NO. 3:25-cv-05427-JNW |
| Plaintiff, | ORDER |
| v. | |
| THE STANDARD FIRE INSURANCE COMPANY, | |
| Defendant. | |

This Court held a hearing on pending motions on March 2, 2026. This written order confirms the Court's oral rulings, and it controls in the event of any inconsistency with statements made during the hearing.

For the reasons stated on the record, the Court ORDERS as follows:

1. Defendant The Standard Fire Insurance Company's motion for a protective order, Dkt. No. 23, is DENIED, and Plaintiff Neil Watts's motion to compel, Dkt. No. 26, is GRANTED, subject to these limitations:

    a. For *Interrogatory No. 1*, Standard Fire MUST produce claims adjuster Jessica Iwane's last known contact information.

ORDER - 1

b. For *Interrogatory No. 5*, Standard Fire MUST answer the interrogatory and its subparts for cases involving Jessica Iwane or Candina Cruz within the past five years, including the names of the parties, cause number and venue, name of the attorney representing the insured, and whether the case was tried to verdict. Standard Fire need not disclose settlement amounts.

c. For *Interrogatory No. 6*, Standard Fire MUST answer the interrogatory as limited to Office of Insurance Commissioner inquiries or complaints involving adjusters Jessica Iwane and Candina Cruz. The request is limited to the last five years.

d. For *Request for Production No. 1*, Standard Fire MUST produce performance evaluations and complaint letters for Iwane and Cruz for the three-year period before the denial of Watts's claim. Production will be subject to the Stipulated Protective Order, Dkt. No. 38.

e. For *Request for Production No. 4*, Standard Fire MUST produce an unredacted claims manual. Any claims manuals produced will be subject to the Stipulated Protective Order, Dkt. No. 38.

f. Standard Fire MUST supplement its responses to Interrogatory Nos. 1, 5, 6, and Request for Production Nos. 1 and 4, consistent with this Court's rulings, within FOURTEEN (14) days of this order.

2. Watts's motion to seal is GRANTED. Dkt. No. 28.

ORDER - 2

3.  Watts's request for attorneys' fees for bringing the motion to compel, Dkt. No. 26, is GRANTED. When a motion to compel is granted, sanctions in the form of "reasonable expenses" which includes attorney fees must be awarded against the party and attorney whose conduct necessitated the discovery motion. Fed. R. Civ. P. 37(a)(5)(A). The Court finds that an award of attorneys' fees and costs associated with bringing the motion to compel is warranted. Standard Fire is DIRECTED to pay $1,000 in attorneys' fees to Watts's counsel.

Dated this 2nd day of March, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 3